IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFF TYLER,
ADC #099012                                                                                    PLAINTIFF

5:17CV00239-JLH-JTK

WENDY KELLEY                                                                                 DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Jeff Tyler is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of Administrative Directive (AD) 17-23, which governs inmate correspondence. Plaintiff also filed several Motions for Temporary Restraining Order and Preliminary Injunction (Doc. Nos. 3, 10, 12), concerning the applicability of the policy to his incoming mail.

Pending before the Court is Defendant's Motion to Dismiss and Brief in Support (Doc. Nos. 16, 17), to which Plaintiff responded (Doc. No. 33).

### II.  Facts

According to Plaintiff's Amended Complaint (Doc. No. 9), the ADC implemented a mail policy in August, 2017, which limits incoming correspondence to three pages. It also requires that the letters, envelopes and any photographs be photocopied, and that the copies then be

distributed to inmates in the place of the originals. The purpose of the policy is to prevent the introduction of K2 or "spice" in personal correspondence sent to inmates. Plaintiff challenges the policy as violative of his First Amendment right to correspondence and free expression, and his Fourteenth Amendment right to Due Process.

**III.     Motion to Dismiss**

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967)), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

**A.     Defendant's Motion**

Defendant initially argues that Plaintiff's lawsuit should be dismissed for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. In support, Defendant states that Plaintiff admitted in his complaint that he had not exhausted his administrative remedies at the time he filed his complaint, on September 13, 2017. (Doc. No. 2, p. 3) Defendant relies on case law which requires that administrative remedies be exhausted before the filing of a § 1983 action, and mandates dismissal if exhaustion is not

completed at the time of the filing of the complaint. See Johnson v. Jones, 240 F.3d 624, 627 (8th Cir. 2003); Benjamin v. Ward County, 632 Fed.Appx. 301 (8th Cir. 2016).

**B.     Plaintiff's Response**

Plaintiff states in response that although he did not exhaust his administrative remedies at the time he filed his original complaint, his remedies were exhausted on October 13, 2017, prior to the filing of his amended complaint, on November 17, 2017. (Doc. No. 9)  Since the Court noted in its September 18, 2017 Order directing him to amend, that an amended complaint supersedes an original complaint, Plaintiff argues that his amended complaint was new for purposes of determining exhaustion.  In the alternative, he argues that administrative remedies were not available to him because administrative policies cannot be changed by filing a grievance, and because the Deputy Director's decision in affirming the denial of his grievance merely "parroted" the Warden's decision and involved no investigation. (Doc. No. 33, p. 12)

**C.     Analysis**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

4

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The United States Supreme Court recently set forth three kinds of circumstances when an administrative remedy is not deemed available. Ross v. Blake, 136 S.Ct. 1850, 1859 (2016). Those situations are: 1) when the procedure "operates as a simple dead end – with officer unable or consistently unwilling to provide any relief to aggrieved inmates;" 2) when an administrative scheme is "so opaque that it becomes, practically speaking, incapable of use;" or 3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." Id. at 1859-60. In this case, although Plaintiff claims a remedy was not available to him because a policy cannot be changed by filing a grievance, he does not claim that he was not able to file a grievance, was prevented from filing a grievance, or did not receive a response. He acknowledges that his remedies were not exhausted at the time his complaint was filed on September 13, 2017, and later states that he received a final decision on his

5

grievance on October 13, 2017. Therefore, within the meaning of Ross, the Court finds that remedies were available to him.

The Court also does not agree with Plaintiff that the PLRA exhaustion requirement can be "adjusted" or altered by subsequent inmate filings, such as in this case, the filing of an amended complaint. Rather, the court in Johnson clearly stated that an inmate "must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). The same argument raised by Plaintiff Tyler also was rejected in Dunahue v. Bolden, where the court declined to find that the filing of an amended complaint extended the deadline to complete the ADC grievance process. No. 5:16CV00105BSM/JTR, 2016 WL 7650672 n. 3. "Dunahue's argument is contrary to the PLRA and Eighth Circuit precedent which clearly establish that exhaustion of administrative remedies must be completed '*before filing*' or '*commencing*' a federal lawsuit." Id., citing 42 U.S.C. § 1997e(a), and Johnson, 340 F.3d at 627. Therefore, the Court finds that since Plaintiff's administrative remedies were not exhausted at the time his complaint was filed on September 13, 2017, it should be dismissed pursuant to the PLRA.

In light of the Court's conclusion that Plaintiff failed to completely exhaust his administrative remedies at the time he filed his Complaint, the Court will not address Defendant's remaining arguments in support of the Motion to Dismiss. See Johnson v. Jones, where the Court stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed. 340 F.3d at 627. See also Lyon v. Vande Krol, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc), and Barbee v. Correctional Medical Services, No. 10-1891, 2010 WL 3292789 (8th Cir. 2010).

**IV. Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion to Dismiss be GRANTED, and Plaintiff's complaint be DISMISSED without prejudice for failure to exhaust.

2. All pending Motions be DENIED as moot.

IT IS SO RECOMMENDED this 2nd day of March, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE